23166. MAXWELL et al. v. RALSTON PURINA COMPANY, INC. et al.

SUBMITTED OCTOBER 11, 1965—DECIDED NOVEMBER 4, 1965.

*Jack N. Gunter,* for appellants.
*Kimzey & Kimzey, Herbert B. Kimzey,* for appellees.

ALMAND, Justice. The only issue in this case is whether there was a conflict in the evidence. The controversy centers around a chicken processing plant operated by the appellees in the City of Cornelia. Two actions were brought to enjoin the operation of this plant. In both actions it was alleged that the plant was constructed in violation of the city zoning ordinance. In one of the actions it was alleged that the plant was a nuisance because its operation created an offensive odor. The defendants denied that the plant was a nuisance. They defended the zoning violation charge on the ground that the plaintiffs knew for more

than 12 months that the plant was being constructed before they objected and, therefore, were estopped to enjoin the operation of the plant on the ground that it violated a city zoning ordinance. The cases were consolidated for trial; the jury returned a verdict for the defendants on the nuisance charge; on the zoning ordinance violation charges the jury was unable to reach a verdict—mistrials were declared on this issue. Motions for judgment notwithstanding the verdict and judgment notwithstanding the mistrial by the plaintiffs were overruled, and error is enumerated on this order.

The motions were properly overruled. There was evidence to support the allegations of the petitions but there was also evidence to support the defendants' position. On the nuisance issue the defendants introduced evidence showing that they had gone to great expense to eliminate the offensive odor and had been successful in doing so. On the question of the zoning ordinance violation there was evidence to show that the plaintiffs knew about the plant for more than a year before taking any action. This was evidence from which the jury could have found that the plaintiffs were guilty of laches and, therefore, were estopped from enjoining the operation of the plant on the ground that it was constructed in violation of the city zoning ordinance.

The evidence being in conflict, it was not error to overrule the motions.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*